BENJAMIN F. SMITH & STEPHEN D. SCHOOLEY,
Appellants,

*vs.*

ORRIN R. POTTER, Appellee.

APPEAL IN EQUITY FROM THE CIRCUIT COURT OF FOND DU LAC COUNTY.

An answer, called for under oath, which denies the allegations of the bill, and is directly responsive thereto, will prevail, unless the bill is sustained by two witnesses, or one witness and other strong or clear corroborating circumstances.

When the answer set sup new matter, not responsive to the bill, but in avoidance, it is not evidence in regard to such new matter, but must be sustained by extrinsic evidence.

The effect of an answer not under oath, the oath of the defendant having been received, is, to put the complainant to the proof of the averments of the bill which are denied by the answer, but it is not evidence for the defendant.

The bill was filed on the 12th day of September, A. D. 1853. It is a mortgage foreclosure bill, upon land in Fond du Lac County. The bill charges, that on the 22nd day of February, A. D. 1851, the defendant executed under his hand and seal, and delivered to the complainants, a bond bearing date on that day, in the penal sum of one thousand dollars, with a condition thereunder written, in substance as follows:—"The condition of this obligation is such, that whereas the said Smith and Schooley, have this day sold to me, their undivided half of Steam Saw Mill, together with all their undivided personal property thereunto belonging, (logs, lumber, and timber excepted.) And whereas the said Smith & Schooley, and their associates William White and George W. Elliott, are indebted for labor and

expense to such persons hereafter named :—"Now JUNE TERM 1854. "therefore, if I pay the said debts hereafter named, "and in all respects free the said Smith & Schoo-"ley from all costs, then this obligation to be null and "void, otherwise to remain in full force." Then follows an enumeration of the debts referred to, amounting in the aggregate to the sum of $652.40—as will be seen by reference to the said bond and condition, given in evidence in this case. The bill, after charging in the usual form, the execution and delivery of the mortgage, as security for the payment of the said sum of $1000; according to the condition of the bond, charges as a breach of the condition of the said bond, that the said Orin R. Potter has "neglected and refused to pay the said several sums "of money, mentioned and set forth in the condi-"tion of the said bond, to either or any of the said "persons therein named, or any part thereof, and "that there is now due and unpaid by the terms "thereof, to your orators, the sum of $1000—of prin-"cipal and interest." The remainder of the bill is in the usual form, expressly waiving answer upon oath.

The defendant in his answer, filed October 27th, 1853, admits the making, execution and delivery of the bond, as charged in the bill, and also his liability to pay the debts, as set forth in the condition of said bond, and also the execution and delivery of the said mortgage, as charged in the bill.

But the said defendant, by way of avoidance of the performance of the condition of the said bond, further answers, as follows: "And this defendant "further answering, denies that he has neglected and "refused to pay the said several sums of money men-"tioned in the condition of said bond, as set forth in

Smith et al. vs. Potter.

"the said complainant's bill of complaint. And this "defendant also denies that there is due and unpaid "to the complainants, by the terms of the condition "of said bond, the sum of $1000—or any other sum "of money, as set forth in the said bill."

"And this defendant further answering says, that "subsequent to the execution and delivery of the said "bond and mortgage, to-wit, on the 14th day of Feb- "ruary, 1851, another agreement was made by and "between this defendant and one of the complainants, "Stephen D. Schooley, on behalf of the complainants, "by which subsequent agreement, this defendant was "authorized by the said Stephen D. Schooley, to pay "certain other debts in lieu of those mentioned in the "condition of the said bond, and that such payment "should stand as so much extinguishment of the orig- "inal indebtedness of this defendant, to the said "complainants. And the said Stephen D. Schooley, "at the same time executed and delivered to this "defendant, a certain instrument in writing, in the "words and figures following, to-wit:" Then follows a schedule of debts, to the same persons, and for the same amounts, as those set forth in the condi- tion of the said bond, which schedule is headed:— "List of debts of Smith, Schooley & Co.," underneath which schedule was written, the words and figures following: "Memorandum of a bond given to S. D. Schooley, for the payment of six hundred and sixty- nine dollars and seven cents, as above specified, and I do hereby agree, that if the said Potter shall pay other debts of the old companies not mentioned above, that they shall be so much in extinguishment of my debt against him secured by bond and mortgage. *Taycheedah, Feb.* 14, 1851. S. D. SCHOOLEY."

The defendant in his answer, then charges that the bond and mortgage and indebtedness mentioned in said writing, are identical with those set forth in the bill. And then further answering, says,—"That "he has paid debts, against the companies refer-"red to in the said instrument before set forth, to "the full amount of the indebtedness of this defend-"ant to the said complainants, and has fully extin-"guished their demands against him." The answer then concludes in the usual form. The complainants filed their replication, in the common form, on the 27th day of October, A. D. 1853. And by mutual consent of parties, A W. Paine Esq., was appointed by the Court, a Commissioner to take the proofs. The proofs taken, consisted simply of the bond and mortgage set forth in the bill—which where reported to the court, as exhibits.

At the April term of the court, A. D. 1854, cause was heard upon the bill, answer, replication and proofs—and the bill was dismissed by the Court. No opinion, with the reasons for the decree, was filed.

*Edward S. Bragg*, for the complainant.

*J. C. Truesdell*, for the defendant.

*By the Court*, CRAWFORD, J. We have been unable to find any thing in this cause to justify the Circuit Court in dismissing the bill.

The complainants filed their bill for the foreclosure of a mortgage given to them by the defendant, to secure the performance of the condition of a certain bond. By this bond the defendant undertook to pay different sums of money to different persons, to whom the complainants, the obligees in the bond, were in-

debted. The defendant was required to answer the bill, but an answer under oath was waived, and accordingly he filed his answer, admitting the execution of the bond and mortgage, but insisting that subsequent to the date of the bond, one of the complainants, Schooley, acting for himself and his co-obligee, Smith, entered into another agreement with the defendant, which, after reciting a number of debts due and owing by said Smith, Schooley & Co., almost identical with those mentioned in the bill of complaint, and in the bond, contains the following : "And I do hereby agree, that if the said Potter shall pay other debts of the old companies not mentioned above, that they shall be so much in extinguishment of my debt against him, secured by bond and mortgage."

To this answer the complainants filed a replication, and the cause was brought to a hearing on bill, answer, replication and proofs.

The rule in equity is well understood, that an answer which in responding to the bill denies all or any of the material facts alleged therein, will, so far as it is so responsive, prevail, unless the bill is sustained by two witnesses, or one witness, and strong and clear corroborating circumstances ; but where the answer sets up new matter not merely responsive, but by way of avoidance or defence to the allegations of the bill, the answer in respect to such new matter is not evidence for the defendant, but must be sustained by extrinsic evidence. *Vide Story's Eq. Pl.* § 849, *a. ; Walton et al. vs. Cody,* 1 *Wis. R.* 420 and cases there cited. In a chancery proceeding, however, an answer must, with certain familiar exceptions, be under oath, unless the complainant thinks

proper to relieve the defendant from swearing to the correctness and truth of his answer. *Vide Cooper's Eq. Pl.* 325, and where, as in this cause, an answer not under oath, is filed, it is important to consider the effect to be given to such an answer.

A defendant in chancery, who, under oath, gives a response to any particular fact or facts in the bill, thereby furnishes evidence in his own favor, because the complainant has appealed to the conscience of the defendant, and unless the statement of the · defendant is disproved by more evidence than that of one witness in support of the bill, the oath of the defendant, which is made evidence in the cause, is not overcome by the oath of a single witness. There must be a preponderance of proof in favor of the complainant irrespective of the allegations contained in his bill, in order to entitle him to relief, when the defendant under oath denies the material facts on which the complainant grounds his claim to the relief sought. Where, however, the oath is not made under the sanction and solemnity of an oath, the same effect is not, and ought not to be given to it, for in such a case, it is the unverified statement of the defendant which may be insufficient or evasive, and yet it seems not to be subject to exceptions on that account, and in every thing in which it affords an answer in denial of the complainant's averments, it ought only to be received and allowed to operate against the bill so far as to put the complainant to prove the averments denied, and in respect to any thing which is not strictly responsive to the matters set up in the bill, but stated as new and independent facts constituting a defence, the defendant should be required to establish such facts by competent proof.

In the case of *The Union Bank of Georgetown vs. Geary*, 5 *Peters* 99, Mr. Justice Thompson says : " although the reason of the rule which requires two witnesses, or circumstances to corroborate the testimony of one, to outweigh the answer, may be founded in a great measure upon the consideration that the complainant makes the answer evidence by calling for it, yet this is in reference to the ordinary practice of the court, requiring the answer to be on oath. But the weight of such answer is very much lessened, if not entirely destroyed as matter of evidence, when unaccompanied by an oath, and indeed we are inclined to adopt it as a general rule, that an answer not under oath is to be considered merely as a denial of the allegations in the bill, analogous to the general issue at law, so as to put the complainant to the proof of such allegations."

The rule which the Supreme Court of the United States, in the case just cited, inclined to, was distinctly enunciated by Chancellor Walworth in *Bartlett vs. Gale*, 4 *Paige*, 503. In that case the defendant's counsel claimed that the whole answer, (which was not required to be made under oath,) should be taken together as evidence in his favor, but it was held that " when an answer on oath is waived, although as a pleading the complainant may avail himself of admissions and allegations in the answer which go to establish the case made by the bill, such answer is not evidence in favor of the defendant for any purpose."

Judge Story says that an answer, *when under oath*, is evidence for the defendant, if responsive to the allegations in the bill, (*Eq. Pl.* § 875, *a.*) but in relation to the effect of an answer not under oath, he

says: "This point does not seem definitely settled.
It may perhaps be true, that it is not entitled to all
the privileges of an answer under oath. But it is by
no means clear that it is not evidence in favor of the
defendant as to all facts, which are not fully dis
proved by the other evidence and circumstances
in the case, and that it ought not, to prevail
where the other evidence is either defective, obscure,
doubtful or unsatisfactory. He also suggests a doubt
whether an answer not under oath should be waived,
and at the same time the complainant be permitted
to avail himself of the admissions of the answer, with-
out giving to its denials the like effect as evidence in
favor of the defendant.

Viewing the answer not under oath, as a mere plead-
ing, whatever it admits would require no proof, be-
cause when a party admits the truth of any thing by
his written pleadings, there can be no necessity to
prove it ; but if he traverses or denies any thing, it
becomes the party relying on the matter to establish
it by evidence if it be material.

The difference, however, when the denial of the
answer is under oath, or not under oath, consists in
the *quantum* or amount of evidence. In the first
case it requires two witnesses, or one witness and
clear corroborating circumstances to overcome the
answer, and in the second case, the evidence of one
credible witness would suffice to establish the aver-
ments of the bill denied by the answer. The learned
commentator cites and relies upon the opinion of
Lord Eldon, in *Curling vs. Townshend*, 19 *Ves.* 628,
where his Lordship declared that the court had the
same authority *from the defendant* to look at the ad-
missions or denials in the answer, when put in with-

out oath, as if it had been under oath. There can be no doubt that in relation to his admissions, the defendant authorizes his answer to be used against him in the same manner as if it were under oath, but with great deference we think it is far otherwise in regard to the defendant's denials.

Taking the rule as laid down by Chancellor Walworth, and referred to with approbation by the Supreme Court of the United States in *The Union Bank of Georgetown vs. Geary*, in connection with the language cited from *Story's Equity Pleadings*, there is but little difference observable, for even in an action at law, when the general issue is pleaded, if the evidence on the part of the plaintiff is *"defective, obscure, doubtful or unsatisfactory"* he is not entitled to recover.

So far then as the pleadings in this cause are concerned, the material parts of the complainant's bill, namely, execution of the bond and mortgage, and the delivery thereof to the complainants, are admitted by the answer, and to the new matter insisted upon by the defendant, namely, the making of the subsequent agreement and payment of the debts due by the complainants, in pursuance of such subsequent agreement, the complainants filed their replication, and thereby imposed the necessity on the defendant to sustain such new matter by proof.

It appears that by the consent of the parties, a commissioner was appointed to take proofs, and that notwithstanding notice of the time and place of taking the proofs, the defendant did not appear or offer any evidence, and the only proofs produced before the commissioner and returned by him, consisted of the bond and mortgage executed by the defendant. Subse-

quently, by consent, the parties appeared before the commissioner, and the defendant offered to prove the value of certain lots in the village of Taycheedah, on the 22d day of February, 1851, which lots had been sold by the complainants to the defendant, and to secure a portion of the purchase money of which, the bond and mortgage in question had been given.

This evidence was objected to as irrelevant, and subject to such objection, it was agreed by the parties that the lots mentioned were each worth the sum of fifty dollars.

We also find among the papers two affidavits made by the defendant, one of which was filed in the Circuit Court two days before the date of the decree, and the other on the day on which the decree was made. The purport of these affidavits is that the defendant purchased from the complainants a certain lot which they represented to have upon it a valuable steam mill, which representation was untrue, and that the bond and mortgage had been given to secure the payment of a part of the price engaged to be paid for the lot, and that the amount remaining unpaid on the bond and mortgage was four hundred dollars. There is also an affidavit of Mr. Wood, who was the solicitor who prepared the defendant's answer, stating that before preparing the answer, he had been informed by the defendant of the false representations made to him by the complainants in the purchase of the lot aforesaid, but that from a want of sufficient knowledge of the facts, he was unable to set them forth in the answer.

These affidavits it is needless to say, could answer no purpose as evidence in the cause, and we have no means of knowing the object of their introduction.

June Term 1854.

Smith et al. vs. Potter.

They may have been filed in support of an application for a continuance, or for some other purpose, but the scanty "docket entries" attached to the original papers returned to us afford no information on the subject.

The only legitimate proof in the cause, was confined to the bond and mortgage, the execution of which had been submitted in the answer. The effect of this evidence was to establish a *prima facie* case for the complainants, and there is nothing constituting a defence shown by the defendant. The bond given in this case was not a mere bond of indemnity, for if it had been then it would have been incumbent on the complainants to show that they had been damnified and the condition broken, thereby giving them a right to pursue their remedy; it was a bond for the payment of money, and the *onus* of showing a performance of the condition of his bond rested upon the defendant. This is abundantly sustained by the authorities. *Vide Holmes vs. Rhoade*, 1 *Bos. & Pul.* 638; *Hodge vs. Bell*, 7 *Durn & E.* 93; 1 *Saund.* 116 note 1; *Thomas vs. Allen*, 1 *Hill*, 145; *Gray vs. Gardiner et al.*, 17 *Mass.* 188.

It is useless to say more than that the complainants are entitled to the usual relief in cases of this kind, and in order that it may be ascertained how much remains to be paid by the defendant, and that the proper proceedings may be had in the Circuit Court, the decree below is reversed, and the cause remanded for further proceedings.